KERKOR GAMJIAN, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 30470.) ARA GAMJIAN, an Infant, by ARAXIE GAMJIAN, His Guardian ad Litem, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 30505.) — Appeals from judgments of the Court of Claims dismissing claims for damages growing out of an automobile accident, which occurred about 8:00 A.M., June 24, 1950, on a newly constructed extension of the Taconic State Parkway. The injuries complained of were sustained when an automobile driven by Kerkor Gamjian, in which his son Ara was a passenger, skidded on the recently oiled road surface. In an oral opinion the trial court found in substance that the State was not negligent in the operation and maintenance of the parkway and that the sole cause of the accident was the negligence of the driver. After skidding the car broke through a guard rail, continued for some distance and down a slope to a swampy area. It was completely wrecked. The portion of the highway where the accident occurred had been freshly oiled the preceding Thursday. It was closed to traffic that day until ten-fifteen o'clock in the evening. Traffic over it on Friday was said to have been heavy. Other than regularly spaced warning signs advising of the construction of the highway, there were two types of warnings of the presence of oil. One read, "Caution, Oil Ahead for 21 Miles". This was placed about 300 feet before reaching the newly oiled road surface. Others, along the course of the oiled section, read, "Danger, Oil Ahead, Drive Slow". In the absence of evidence of the erection of these signs on the morning in question it may be presumed that they were placed in anticipation of the application of the oil two days earlier. Admittedly the oiling resulted in a slippery and dangerous condition. The State's engineer in charge stated the road was passable but dangerous at the time of the accident, in part by reason of the oil. He also indicated that he had not been willing to take the responsibility of reopening the oiled highway at eight-thirty o'clock Thursday evening, but that someone else opened it at ten-fifteen o'clock that night. Light rains fell at Poughkeepsie, twelve miles southerly of the scene of the accident, at seven o'clock and at eight o'clock Saturday morning. There was evidence of a light fall of rain in the accident area Friday night. A State witness testified that rain fell in that vicinity between seven-thirty and eight o'clock Saturday morning. About the time of and shortly after the accident the oil on the road surface was wet. During the time that traffic was under police direction and the wrecker was recovering the Gamjian automobile various approaching cars skidded, one turning around in the process of stopping. The State's engineer testified that sanding the oiled road to make it less slippery was practical, but that no provision was made to exert any particular control over the road after the rain. An increase of the danger on this oiled highway by action of the elements should

have been anticipated in the exercise of reasonable care and prudence. (*Sporborg* v. *State of New York*, 226 App. Div. 113, 116.) Under the circumstances there existing there was a duty on the part of the State to guard against injury to persons rightfully on the highway, which could have been done by the application of sand or screenings or the diversion of traffic. While the holding, therefore, that the accident was caused solely by the negligence of the driver is clearly against the weight of evidence, there was sufficient proof of incautious driving to justify the inference that he was proceeding at a rate of speed greater than that to which he testified and without regard to the warning signs. Such negligence on the part of the driver, however, may not be imputed to his eleven-year-old son, who was stated to have been asleep in the car. The judgment of the Court of Claims dismissing the claim of Kerkor Gamjian is affirmed on the law and facts but without costs. The judgment of the court dismissing the claim of Ara Gamjian, by Araxie Gamjian, his guardian ad litem, is reversed on the law and the facts and judgment awarded on such claim in the sum of $1,574, with interest from the date of the accident, and costs. Foster, P. J., Coon, Halpern and Imrie, JJ., concur; Bergan, J., concurs in the affirmance of the judgment in the claim of Kerkor Gamjian and dissents and votes to affirm the judgment in the claim of Ara Gamjian, an infant, by Araxie Gamjian, his guardian ad litem.