■ MARY DORE, as Administratrix of the Estate of CORNELIUS DORE, Deceased, Appellant, et al., Plaintiff, v. WILLIAM WYER, as Trustee of the LONG ISLAND RAIL ROAD COMPANY, Respondent.— One of respondent's trains collided, at a grade crossing, with a motor vehicle, owned by the Wagner Baking Corporation and operated by the intestate, causing injuries which

resulted in his death. An action to recover damages for his wrongful death was consolidated, by order of the court, with an action brought by the owner of the motor vehicle to recover damages for injuries to it. The jury rendered a sealed verdict in favor of respondent against the administratrix and the owner of the motor vehicle. When the court announced the verdict, counsel for the administratrix requested that the jury be polled. Although the jury was present, the court denied the request, stating that ten jurors had signed the verdict, and that polling was therefore unnecessary. The notice of appeal states that both the administratrix and the owner appeal from the judgment entered on the verdict, but there is a statement in the record that the owner has abandoned its appeal. Judgment, insofar as it is in favor of respondent against the administratrix, reversed and a new trial granted, with costs to appellant to abide the event. The administratrix had an absolute right to have the jury polled, and the denial of that right was serious error. (*Labar* v. *Koplin,* 4 N. Y. 547; *Warner* v. *New York Central R. R. Co.,* 52 N. Y. 437; *Porret* v. *City of New York,* 252 N. Y. 208; *Spielter* v. *North German Lloyd S. S. Co.,* 232 App. Div. 104.) Nolan, P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ., concur.