■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WESTCHESTER COLPROVIA CORPORATION et al., Appellants.— Appeal by defendants from a judg-

ment of the Supreme Court, Albany County, entered upon the decision of an Official Referee in an action brought by the People upon a bond executed to them by defendants, a contractor and its surety, for the performance of a contract for the treatment with waterproofing oil of certain concrete pavement on the Taconic State Parkway. The bond, among other things, indemnifies the State against judgments recovered against it by reason of any damages arising out of the doing of the work, or from the negligence of the State, or suffered or claimed "on account of said Treatment during the time thereof and until the final completion and acceptance of the work". A judgment was, in fact, recovered against the State in favor of a claimant who was injured when the automobile in which he was riding skidded on the oiled surface of the highway, went through a guard rail and was wrecked. This court found the State negligent in failing to apply sand or screenings or to divert traffic after a hazardous condition had resulted from rain falling upon the oil. (*Gamjian* v. *State of New York*, 281 App. Div. 923.) With respect to that action, appellants concede that they were properly vouched in. The State then brought this action to recover the amount paid pursuant to the judgment. Upon an appeal from an order denying a motion addressed to the pleadings, we construed certain provisions of the performance bond as constituting a valid contract "to indemnify the State against its own negligence" and noted that a vital issue in the case was "whether the work on the highway was completed and accepted by the State prior to the accident." (1 A D 2d 724, 725.) This was demonstrated upon the trial to be the sole issue. The Official Referee erroneously predicated liability on the appellant contractor's negligent omission to clean the pavement properly before applying the oil. Liability must be imposed upon appellants, however, pursuant to their indemnification of the State against its own negligence occurring prior to the completion and acceptance of the work. It is undisputed that the work was not accepted, formally and in writing, until a date more than two weeks after the Gamjian accident, and then by the Department of Public Works' written acceptance of July 10, 1950 following the district engineer's inspection of July 6, 1950 and his recommendation of the same date. (Cf. Highway Law, § 44.) Appellants contend, however, that the contract was divisible; that the oiling operation was first performed on a section of highway 7.64 miles in length on which the accident occurred (the contract covering a total of 20.7 miles); and that the work on that section was completed by the contractor and accepted by the State on the day that it was performed, being two days before the accident. The remaining work under the contract was completed about one week after the accident. The contract, by its terms, was entire and neither in the other contract documents nor in the record of the trial do we find support for appellants' theory of divisibility. The substance of their case is to be found in the testimony of appellant contractor's foreman that the 7.64 mile length of highway was "designated" by a State engineer "for the day's work" and that late in the evening that engineer or another gave permission for the removal of the barricades in place at either end. We find nothing in this evidence to suggest the inferences which appellants would have us draw. Further, even if it be assumed that the engineer's act in permitting or directing the removal of the barricades might be deemed an "acceptance of the work" within the meaning of the bond, the record is devoid of any evidence of the engineer's authority in that regard. (Cf. Highway Law, § 44.) Judgment unanimously affirmed, with costs to respondent. Settle order. Present — Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ.