■ ROBERT P. TRIGGS, Appellant, v. ADVANCE TRUCKING CORP., Respondent, et al., Defendant.— In a negligence action to recover damages for personal injury, plaintiff appeals, as limited by his briefs, from a judgment of the Supreme Court, Kings County, entered December 11, 1961 after a jury trial, which set aside as contrary to the weight of the credible evidence the jury's

verdict of $375,000 in plaintiff's favor against the defendant Advance Trucking Corp., and which directed a verdict in favor of said defendant and dismissed the complaint against it as matter of law. Judgment reversed on the law and the facts and new trial granted, with costs to abide the event. In our opinion: (a) the evidence offered by plaintiff was prima facie sufficient to have required submission of the issues to the jury; and (b) its finding of liability against the defendant corporation was not against the weight of the evidence adduced by both parties. However much a trial or appellate court may disagree with a jury verdict, if the verdict is one which reasonable men could have rendered after reviewing conflicting evidence, the court may not substitute its personal judgment in place of the verdict (*Jones Co.* v. *Burke,* 306 N. Y. 172; *Rapant* v. *Ogsbury,* 279 App. Div. 298). Accordingly, it was error to set aside the verdict on the ground stated; to direct a verdict for the corporate defendant, and to dismiss the complaint against it. We cannot, however, reinstate the verdict. Nor will we on this appeal determine or consider any question as to the propriety of the amount of the verdict, since a new trial is being directed for other unrelated reasons. We are impelled by this record to direct a new trial because of the tactics and conduct of the attorneys for both parties. In our opinion, their tactics and conduct prevented a fair trial and, in the interests of justice, a new trial is required. Ughetta, Acting P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.