■ DANIEL P. ROTH et al., Respondents, v. CITY OF NEW YORK, Appellant. ALBERT SACHER, Respondent-Appellant, v. CITY OF NEW YORK, Appellant-Respondent, and DANIEL ROTH et al., Respondents.— In a consolidated negligence action to recover damages for personal and property injuries, the appeal is from an order of the Supreme Court, Kings County, dated December 22, 1967, which (1) set aside jury verdicts in favor of defendant City of New York against all plaintiffs and in favor of plaintiff Sacher against defendants Roth and (2) directed a new trial. Order reversed, without costs; motions to set aside verdicts denied; and verdicts reinstated. A jury verdict in favor of a defendant should not be set aside unless it is clear from the record that the jury could not have reached its conclusion on any fair interpretation of the evidence (*Winter* v. *Rickman*, 26 A D 2d 842). At bar, the jury could have properly found that the proximate cause of the accident was the driver's negligent operation of the motor vehicle at the time of the accident. As stated in *Shaw* v. *State of New York* (196 Misc. 792, 795, affd. 278 App. Div. 871, affd. 303 N. Y. 644): "From the weight of the credible testimony * * *, we arrive at the conclusion that the negligence of the driver was the

direct cause of the accident, entirely separate from any negligence on the part of the State. The accident would not have happened in the manner in which it did if Shaw had not been driving carelessly and at an excessive rate of speed." It seems evident that the verdict reached in each action, in all respects entirely consistent, was based upon this theory and, in our opinion, there was ample evidence upon which the jury could find as they did. Accordingly, we believe that the Trial Judge erred in granting the motions to set aside the jury's verdicts (*Pertofsky* v. *Drucks*, 16 A D 2d 690). Christ, Acting P. J., Brennan, Hopkins, Benjamin and Martuscello, JJ., concur.