■ RITA P. SAPER, Respondent, v. HAROLD E. SAPER, Appellant.— In an action in which a judgment of separation in favor of the plaintiff wife was granted on June 22, 1961, the husband appeals from an order of the Supreme Court, Queens County, dated October 9, 1968, which granted plaintiff's motion (1) to amend the judgment by increasing the alimony and (2) for a counsel fee, to the extent of awarding plaintiff (a) an additional $60 a week alimony for the period of time she remains disabled from injuries sustained in a certain accident and (b) a counsel fee of $500. Order reversed, on the law and the facts and in the exercise of discretion, without costs, and motion remitted to the Special Term for a hearing and a determination de novo. In our opinion, the record lacks much of the relevant information that is required for a proper determination of the motion; and it was improper to grant the motion without holding a hearing at which the facts could be fully developed. Christ, Acting P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.

■ BETTY TORRES, an Infant, by Her Guardian ad Litem, JESUS TORRES, et al., Respondents, v. FRANK VIZZARE, Appellant.—Appeal by defendant, as limited by his brief, from so much of an order of the Supreme Court, Kings County, dated January 6, 1969, as (1) set aside a jury's special verdict that the infant plaintiff was contributorily negligent and (2) granted a new trial to determine that issue. Order reversed insofar as appealed from, with costs, motion to set aside said verdict denied; and verdict reinstated. In this personal injury negligence action, the infant plaintiff was seven years of age when she was struck by defendant's automobile while playing ball on the street. The question of whether she was free from contributory negligence was submitted to the jury which returned a special verdict finding her guilty of such negligence. The trial court thereafter set aside this verdict and ordered a new trial solely on this issue. In our opinion, it was an abuse of discretion to do so. The evidence adduced at the trial was not so heavily weighted in favor of the infant plaintiff's freedom from contributory negligence as to warrant the court's setting aside of the jury's verdict. As a matter of law, it cannot be said that the infant plaintiff was non sui juris. Therefore, the question of whether she acted as a reasonably prudent person of her age and experience was one properly submitted to the jury (Camardo v. New York State Rys., 247 N. Y. 111; La Mont v. Anderson, 1 A D 2d 729) and there is no basis on which to set aside its verdict. Christ, Acting P. J., Brennan, Hopkins, Munder and Martuscello, JJ., concur.

## (May 26, 1969)

■ ELIZABETH BOUXSEIN et al., Appellants, v. ALBERT J. TIBERI, Respondent.— Order of the Supreme Court, Westchester County, dated December 26, 1967, affirmed, with costs. In our opinion, the service of the summons on Sunday was insufficient. We decide no other question. Christ, Acting P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.