■ MICHAEL YANDIAN et al., Appellants, v. BARBARA MERLIS et al., Respondents.— In a negligence action to recover damages for personal injury, loss of services and medical expenses, plaintiffs appeal from a judgment of Supreme Court, Suffolk County, entered October 28, 1968, in favor of defendants upon a jury verdict. Judgment modified, on the law and in the interests of

justice, (1) by limiting its decretal provisions, which dismissed the action and awarded money recoveries to defendants, so that they be against plaintiff Michael Yandian only, and (2) by adding a provision that as to plaintiffs Phyliss Yandian and Marc E. Yandian a new trial is granted and the action is severed. As so modified, judgment affirmed, with one bill of costs against plaintiff Michael Yandian payable jointly to respondents filing separate briefs, and as between the other plaintiffs and the defendants with costs to abide the event of the new trial. This automobile accident case involves three vehicles which collided with each other while they were being driven in a southerly direction in the center lane of the Clearview Expressway, in the Borough of Queens. One vehicle was a small panel truck, owned by defendant Weissman and operated with his permission by his employee, defendant Lugo. Another was a small foreign car, driven by plaintiff Michael Yandian; and his wife and infant son, his coplaintiffs, were passengers therein. The third was a new medium size car, owned by defendant Lawrence Merlis and operated with his permission by his daughter, defendant Barbara Merlis. The evidence adduced at the trial was that Weissman's truck, traveling at about 35 miles per hour, suddenly decelerated because it was allegedly cut off. Plaintiffs' car, traveling at about 35 or 40 miles per hour, about 200 feet behind the Weissman truck, unable to change lanes, could not stop before hitting the truck. The Merlis car, also traveling at about 35 miles per hour, was about three lengths in back of plaintiffs' car when Miss Merlis, simultaneously seeing plaintiffs' brake lights go on and their car crash into the Weissman truck, stepped on her brake and swerved to the left, but was unable to avoid hitting plaintiffs' car. It is well-settled law that in a negligence action a jury verdict in favor of defendants should not be set aside on the ground that it is against the weight of evidence unless it is clear from the record that the jury could not have reached its conclusion on any fair interpretation of the evidence (*Roth* v. *City of New York*, 31 A D 2d 817; *Farber* v. *Smolack*, 31 A D 2d 651; *Pertofsky* v. *Drucks*, 16 A D 2d 690). This record adequately supports the jury's findings. Nevertheless, a defendants' verdict can and should be set aside when there is substantial error in the charge to the jury. As to plaintiff passengers, the charge concerning contributory negligence and imputed liability was highly inadequate. This inadequacy is pointed up by the fact that when the jury was polled, after delivering its verdict, the foreman indicated that the jurors were under the mistaken impression that only the plaintiff driver was suing. The trial court corrected this misapprehension by instructing the jury that the two passengers were plaintiffs also. Without further deliberation the jury immediately found for all defendants. It is impossible, on a general verdict, to tell the basis for the jury's findings. It may well have been the charge which was the basis for the verdict against the passengers. Therefore, in the interests of justice, the judgments as to the passenger plaintiffs should not be permitted to stand and a new trial as to them should be granted. However, the charge was adequate as to the plaintiff driver and therefore the judgment should be affirmed insofar as it is against him. Rabin, Acting P. J., Hopkins, Munder, Martuscello and Benjamin, JJ., concur.