■ CATHY A. BUSBY, Appellant, v MARINA J. MALONE, Respondent, et al., Defendant.—In a negligence action to recover damages for personal injuries, plaintiff appeals from so much of a judgment of the Supreme Court, Queens County, entered July 3, 1975, as is in favor of the defendant Marina J. Malone and against her, after a jury trial on the issue of liability only. Judgment affirmed insofar as appealed from, with costs. In our opinion, there was sufficient evidence to sustain the finding of the jury that defendant Malone was not negligent. A jury verdict in favor of a defendant may not be set aside unless it plainly appears that the evidence so preponderates in favor of the plaintiff that the verdict for the defendant could not have been reached on any fair interpretation of the evidence *(Roth v City of New York,* 31 AD2d 817). Hopkins, Acting P. J., Martuscello, Cohalan and Damiani, JJ., concur; Shapiro, J., dissents and votes to reverse the judgment insofar as it is appealed from, and grant a new trial as between plaintiff and respondent, with the following memorandum: Although there was no objection or exception taken by plaintiff in this case, I feel that the interests of justice warrant a new trial for the following reasons: (1) The Trial Justice refused to allow into evidence the motor vehicle report filed by respondent, owner and operator of the vehicle in which plaintiff was a passenger, although there was testimony that this vehicle had run into the so-called Ross car in front, and respondent testified that she could not remember whether the Ross car had struck another vehicle. (2) The charge to the jury erroneously indicated that respondent was not liable unless her fault was the entire cause of the accident. The jury should have been instructed that plaintiff was entitled to recover from respondent if both respondent and the driver of the Ross vehicle were at fault (see *Michelson v Stuhlman,* 272 NY 163; *Gamjian v State of New York,* 281 App Div 923). Since there was substantial error in the charge to the jury, the verdict for respondent and against the plaintiff should be set aside (see *Yandian v Merlis,* 34 AD2d 582). (3) The Trial Justice failed to adequately charge that plaintiff was not guilty of contributory negligence. The mere statement that the negligence of a driver may not be imputed to a passenger did not explain the rule that plaintiff was not to be denied recovery because both drivers were at fault. (4) The Trial Justice further erred in failing to permit limited testimony (in this trial on the issue of liability only) as to plaintiff's injuries, which testimony was offered to show that the collision between the two vehicles resulted from the excessive speed at which respondent's vehicle was traveling at the time of impact. Such evidence had a direct bearing on the force of the impact and the relative speed of the vehicles involved (see *Bennetti v New York City Tr. Auth.,* 22 NY2d 742).