■ John Muth et al., Appellants, v J & T Metal Products Company, Inc., et al., Respondents.—In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from a judgment of the Supreme Court, Nassau County, dated August 6, 1979, which is in favor of defendants and against them, upon the trial court's granting of defendants' motion to set aside the jury verdict in favor of the plaintiffs. Judgment reversed, on the law, and new trial granted, with costs to abide the event. However much a trial court may disagree with a jury verdict, if the verdict is one which reasonable men could have rendered after reviewing conflicting evidence, the court may not substitute its personal judgment in place of the verdict (see *Triggs v Advance Trucking Corp.,* 23 AD2d 777, 778). From the record, it is apparent that there existed a number of factual questions which required the submission of the case to the jury. From the verdict rendered it may be inferred that the jury found that plaintiff John Muth's freedom from contributory negligence and the negligence of the defendants had sufficiently been established. After reviewing the testimony we are of the opinion that a jury could rationally make that determination. Accordingly, it was error for the trial court to set aside the verdict as contrary to the weight of the evidence. However, we cannot reinstate the verdict due to two errors which occurred at the trial. First, the court erred in admitting into evidence as a past recollection recorded the entire police accident report prepared by an officer who arrived at the scene of the accident shortly after it occurred. The report necessarily contained information which was not based upon the then existing impressions of the entrant. The description of how the accident occurred may well reflect statements made by various unnamed bystanders. As such, it is inadmissible (see *Johnson v Lutz,* 253 NY 124). Second, the trial court's denial of defendants' request to poll the jury after the verdict was announced, was improper. After a verdict has been received, and before it is entered, the party against whom it is rendered has a right to poll the jury (see *Dore v Wyer,* 1 AD2d 973; see, also, 8 Carmody-Wait 2d, NY Prac, § 58:21). Accordingly, a new trial is necessary. Mangano, J. P., Rabin, Gulotta and Cohalan, JJ., concur.

■ Frank Porcaro, Appellant, v Judith Moore et al., Respondents.— In a negligence action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Westchester County, entered June 15, 1979, which, after a jury verdict that plaintiff was 10% negligent and defendants were 90% negligent, awarded damages to plaintiff in the principal sum of $5,400. Judgment reversed, on the law and the facts, and new trial granted, with costs to abide the event. The finding of negligence on the part of the plaintiff is contrary to the weight of the evidence and, in our opinion, the damages awarded were inadequate. Rabin, J. P., Gulotta, Cohalan and O'Connor, JJ., concur.