■ NELSON FIGUEROA, Respondent, v SCHARR INDUSTRIES, INC., Appellant, et al., Defendant. (Action No. 1.) NELSON FIGUEROA, Respondent, v SCHARR INDUSTRIES, Appellant, et al., Defendant. (Action No. 2.) — Order, Supreme Court, Bronx County, entered May 1, 1980, granting plaintiff's motion to set aside that part of the jury verdict in favor of defendant Scharr Industries, Inc., and ordering a new trial solely on the issue of the liability of said defendant, unanimously reversed, on the law, and the jury verdict is reinstated, without costs and without disbursements. Plaintiff-respondent Figueroa, a minor, brought negligence actions against multiple defendants, which actions were eventually consolidated, to recover damages for severe burn injuries incurred on May 17, 1973 in an explosion in a vacant converted factory on Willis Avenue in The Bronx. Plaintiff sought to impose liability against defendant Irwin Young, the court-appointed Receiver for the premises, and against defendant Lismar Realty Corp., the managing agent hired by the Receiver, for alleged negligent failure to provide adequate safeguards to prevent access to the vacant premises, and for negligence in failing to maintain the building in a reasonably safe condition. Plaintiff sought liability against defendant-appellant Scharr Industries, Inc.

(Scharr), a former tenant of the building, and against defendant Rainbow Coating Company (Rainbow), also a former tenant, for negligence in leaving inflammable material in the building when they vacated the premises. The jury's special verdict found that plaintiff was not contributorily negligent, held defendants Young and Lismar Realty Corp. liable, but found defendants Scharr and Rainbow were not liable, and determined that damages amounted to $1.5 million. The court granted plaintiff's motion to set aside the verdict in favor of Scharr, as contrary to the weight of the credible evidence pursuant to CPLR 4404 (subd [a]). The jurors had been unanimous on each point except the finding of no liability with respect to defendant Scharr, on which the vote was 5 to 1. Uncontested evidence presented at trial established the tenancy, in 1972, of the six-story building where the injuries occurred. Rainbow and its subsidiaries occupied the first, second, third and fifth floors. The fourth floor was vacant, and the sixth floor was occupied by a woodworking company. Scharr was a customer of Rainbow and of M. G. Specialties, a Rainbow subsidiary occupying the fifth floor. In the summer of 1972, Scharr purchased the machinery and inventory of M. G. Specialties, which inventory included inflammable solvents in five-gallon cans. After the sale, Scharr operated the machinery with its employees on this floor until September, 1972, when it dismantled and relocated the machinery and vacated the premises. M. G. Specialties and Rainbow vacated the premises by November, 1972; the woodworking company vacated by April, 1973. During the time the building was vacant there were several fires on different floors, one of which, on April 25, 1973, was on the fifth floor. Plaintiff claimed his injuries were incurred on the fifth floor when he and his friends played there. There was also presented at trial conflicting evidence on the issue of Scharr's negligence. A Scharr employee who supervised the move of equipment testified that all cans of solvents were removed by the time Scharr vacated the premises in September, 1972. Rainbow's president testified that he had inspected the fifth floor after Scharr's move and did not observe any cans remaining. Several of plaintiff's witnesses testified to the presence of cans and inflammable liquids on the fifth floor. Plaintiff's two young companions testified to the presence of cans near the explosion. Plaintiff's stepfather and plaintiff's investigator, too, testified to having found cans containing liquids and warnings as to inflammability on cans on the fifth floor when they visited the premises after the injury-producing fire. Rainbow's president identified one such can in the investigator's photographs as bearing the name of one of Rainbow's customers prior to the sale of inventory of Scharr in 1972. Fire department reports and the testimony of a building department inspector were also considered. The report of the April 25, 1973 fire indicates a search of the fifth floor, but does not indicate the cause of the fire, nor the presence of any inflammable material or rubbish. The building department inspector testified that on his May 10, 1973 inspection, he found the building open, vacant and unguarded with an accumulation of debris throughout, including both square and round cans on the fifth floor. This comports with the testimony of a nearby resident who reported frequent sightings of children entering and exiting the building, sometimes taking material from the building, which material when described, was similar to items involved in Scharr's business on the premises. Another fire of suspicious origin occurred the day before plaintiff's accident. In addition to the odor of gasoline, the fire department reported finding the presence of inflammable material, and indicated rubbish as a contributing factor to that blaze. In granting plaintiff's motion, the trial court did cite the proper standard by which it exercised its discretion in

setting aside the jury verdict, that "it plainly appears that the evidence so preponderates in favor of the plaintiff that the verdict for the defendant could not have been reached on any fair interpretation of the evidence" *(Busby v Malone,* 54 AD2d 572). In view of the afore-mentioned evidence, however, we find that the jury verdict should not have been disturbed. The credibility of the witnesses testifying to the complete removal of Scharr's inventory was a question of fact for the jury. Considering that the building had been vacant for some time and subject to vandalism, and that a fire department report just a few weeks before did not note the presence of cans or a cause for that fire at that time, but did note in its report on a fire just hours before the incident at issue an odor of gasoline (an odor, according to testimony at trial, very different from that of solvents), we cannot find as a matter of law that the jury did not have a reasonable basis for its conclusion. Concur — Murphy, P.J., Kupferman, Birns, Markewich and Fein, JJ.