■ PATRICIA M. REDMOND, an Infant, by Her Father and Natural Guardian, LAWRENCE G. REDMOND, et al., Respondents, v CITY OF NEW YORK, Defendant and Third-Party Plaintiff-Appellant. CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Third-Party Defendant-Appellant. — In a negligence action to recover damages for personal injuries, etc., defendant third-party plaintiff, the City of New York, and third-party defendant, Consolidated Edison Company of New York, Inc., separately appeal from an order of the Supreme Court, Richmond County, dated March 5, 1980, which granted plaintiffs' motion to set aside the jury verdict in favor of the City of New York. Order reversed, without costs or disbursements, motion denied and verdict reinstated. On September 3, 1975 the infant plaintiff sustained personal injuries while learning to roller skate on the public sidewalk in front of her family home. She was approximately four years and 10 months old at the time. The accident occurred when one of the wheels on the skate she was wearing became lodged in the metal grating of a Consolidated Edison manhole. The jury rendered a unanimous verdict in favor of the city. The trial court granted plaintiffs' motion to set aside the verdict and directed that a new trial be held. In our view it was an improvident exercise of discretion to do so. A jury verdict in favor of a defendant may be set aside when the evidence so preponderates in favor of the plaintiff that the verdict for the defendant could not have been reached on any fair interpretation of the evidence *(Busby v Malone,* 54 AD2d 572). However much a trial court may disagree with a jury verdict, if the verdict is one which reasonable men could have rendered after reviewing conflicting evidence, the court may not substitute its personal judgment therefor *(Triggs v Advance Trucking Corp.,* 23 AD2d 777; *Muth v J & T Metal Prods. Co.,* 74 AD2d 898). From the

record, it is apparent that there existed a number of factual questions which required the submission of the case to the jury. After reviewing the testimony, we are of the opinion that the jury could rationally have made the determination it did. Accordingly, it was error for the trial court to set aside the verdict as contrary to the weight of the evidence. As a matter of law, it cannot be said that the infant plaintiff was *non sui juris.* Therefore, the question of whether she acted as a reasonably prudent person of her age and experience was properly submitted to the jury (see *Camardo v New York State Rys.,* 247 NY 111), and there is no basis upon which to set aside its verdict (see *Torres v Vizzare,* 32 AD2d 663). Accordingly, the jury verdict in favor of the city is reinstated. Lazer, J.P., Cohalan, Margett and O'Connor, JJ., concur.