■ ALLEN SINGER, as Administrator of the Estate of THELMA SINGER, Also Known as TANYA BADER, Also Known as TIBE SINGER, Deceased, et al., Respondents, v THEODORE CRUPI, Appellant, et al., Defendants. (And a Third-Party Action.) — In a negligence action to recover damages for personal injuries, etc., defendant Crupi appeals, as limited by his brief, from stated portions of two orders of the Supreme Court, Kings County (Yoswein, J.), dated March 5, 1980 and October 14, 1980, respectively, which, *inter alia,* granted plaintiffs' motion to set aside the jury verdict finding that plaintiff Allen Singer was "contributorily negligent as to the accident with defendant * * * Crupi", and ordered a new trial as to that issue. Orders reversed insofar as appealed from, with costs, motion denied and jury verdict reinstated. If a jury verdict is one which reasonable men could have rendered after reviewing conflicting evidence, the trial court may not substitute its personal judgment in place of the verdict, no matter how much the court may disagree with that verdict (see *Muth v J & T Metal Prods. Co.,* 74 AD2d 898). At bar, the case was properly submitted to the jury, and the determination that plaintiff Allen Singer was contributorily negligent was rationally made based on the evidence presented at the trial. As such, it was error for the trial court to set aside the

verdict as contrary to the weight of the evidence. Hopkins, J. P., Titone, Rabin and Weinstein, JJ., concur.