OPINION OF THE COURT
William D. Friedmann, J.
Should the Court of Appeals Licari direction, to our trial courts, be used as a plaintiff’s sword, as well as a defendant’s shield in personal injury actions?
Since the October 14,1982, decision in Licari v Elliott (57 NY2d 230), its message has been relied upon daily in civil proceedings throughout the State, by members of the personal injury defense Bar. To wit, that trial courts should not submit cases to juries, but should dismiss complaints, as a matter of law, where the plaintiff has failed to meet the “serious injury”, statutory threshold definitions as set forth in subdivision 4 of section 671 of the Insurance Law.
plaintiff’s contention
Now, a plaintiff urges, without seeming precedent, that the converse is also justified by Licari. That, where, as a matter of law, the threshold has been reached, under one or *1025 more of the definitions of subdivision 4 of section 671, that courts are under a similar obligation to remove the question of threshold compliance, from a jury’s consideration, thus, leaving only assessments of damage.
Before examining Licari’s effect, upon the burden of proof in personal injury actions, attention must be directed to the events at the trial, which gave birth to plaintiff’s contention.
RELEVANT PROCEEDINGS
Following a concession of liability, the issue of damage, in this CPLR 325 (subd [d]) Supreme Court transfer proceeding, was tried before this court and a jury. At the close of evidence, defendant renewed its motion to dismiss for plaintiff’s failure to prove a prima facie case, in not satisfying the threshold requirements of subdivision 4 of section 671; it was denied. The court then charged four qualification definitions under subdivision 4 of section 671. Defendant excepted to the charge of any definition other than the 90/180-day disability option. Plaintiff agreed in advance with the court’s charge, and thereafter raised no exception to it. After reception of a unanimous jury verdict for defendant, plaintiff moved orally (CPLR 4401), to set aside the verdict, as being totally against the weight of the credible evidence, and that no question of fact existed as to “serious injury”, which should have permitted the jury to determine that the threshold requirements under subdivision 4 of section 671 had not been satisfied. Posttrial memoranda were requested and received.
Plaintiff relied on the converse of Licari (supra), and Slaughter v Flores, (NYLJ, Jan. 13, 1983, p 7, col 4 [App Term, 1st Dept) which followed Licari. Specifically, that there was evidence, and a concession, that plaintiff, a New York City Housing Authority police officer, was absent from work for a period of 96 days. This evidence was accompanied by the medical testimony of both a treating orthopedist and psychiatrist. Together it is contended, that this qualified the plaintiff’s injuries as serious, under the following definition option of subdivision 4 of section 671, “or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the * * * customary daily *1026 activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment.”
Defendant urges denial, first, on the grounds that plaintiff never requested the direction of a verdict on the threshold issue, nor excepted to the court’s threshold charge. Second, that questions of fact existed concerning the qualification of a “serious injury” which were properly referred to and decided by the jury.
Plaintiff’s attorneys, in reply, contend that they were remiss in not excepting to the court’s charge, and not requesting that the threshold issue be decided by the court as a matter of law. They state, “this error did not relieve the court of its responsibility to make such a decision based on the evidence that was presented during the trial.” They conclude, that in the interests of justice, regardless of the action of counsel that the verdict should be set aside.
REVIEWING THE CHARGE — IN THE INTERESTS OF JUSTICE
Where an error in a charge is fundamental to the outcome of the case, a trial court has the power to review its own charge, even .though it was not objected to nor any exception noted, or even though the charge was requested or acquiesced in. That is, where the trial court failed for any reason to explain adequately the applicable principles of law, a new trial should be ordered in the interests of justice. (Bolm v Triumph Corp., 58 AD2d 1014; Zeffiro v Porfido, 265 App Div 185; Goodheart v American Airlines, 252 App Div 660.)
Pursuant to such reasoning, this court will permit plaintiff, upon this posttrial application, to question the propriety of its charge, regardless of any contrary position taken upon trial, by plaintiff. In treating plaintiff’s motion as a posttrial motion, under CPLR 4404, this court’s action is supported by Micallef v Miehle Co. (39 NY2d 376, 381): “CPLR 4404 (subd [a]) authorizes the court, either by motion of any party, or on its own initiative, to order a new trial ‘in the interest of justice’. It is predicated on the assumption that the Judge who presides at trial is in the best position to evaluate errors therein (4 Weinstein-KornMiller, NY Civ Prac, par 4404.01). The Trial Judge must *1027 decide whether substantial justice has been done, whether it is likely that the verdict has been affected (Matter of De Lano, 34 AD2d 1031, 1032, affd 28 NY2d 587) and ‘must look to his own common sense, experience and sense of fairness rather than to precedents in arriving at a decision’ (4 Weinstein-Korn-Miller, NY Civ Prac, par 4404.11). This power conferred upon a court to order a new trial is discretionary in nature (Mercado v City of New York, 25 AD2d 75, 77; see McCarthy v Pori; of N. Y. Auth., 21 AD2d 125).”
BURDEN OF PROOF AS EFFECTED BY SUBDIVISION 4 OF SECTION 671 OF THE INSURANCE LAW AND LICARI
“Burden of proof” has a dichotomous significance. It might be said that there is not one but two distinct burdens of proof — wrapped up in one. The first: the burden of initial satisfaction, requires the production of a sufficient quantum and quality of evidence, as demanded by law, in the type of case on trial, to satisfy the Judge that the claim is of such probability, that a jury could reasonably find a verdict for the party producing the evidence. Meeting this initial burden results in the establishment of a prima facie case, failure should result in dismissal or a directed verdict. The second burden of proof is in reality the burden of persuading the trier of fact that based upon the evidence, that the claim possesses a required degree of convincing probability. When it is not present, the verdict must be against the party, upon whom this burden rests. The Judge alone determines whether the burden of initial satisfaction, or production of evidence has been met, while the jury, or the Judge when sitting as the trier of facts, decides whether the burden of persuasion has been reached (McCormick, Evidence [2d ed], § 336).
The burden of initial satisfaction or production of evidence fluctuates with the requirements of substantive law (judicial precedent or statute) in a particular type of case. The quantum of evidence is accordingly set differently. However the burden of persuasion upon proponent must always be by a preponderance of the evidence, in favor of the claim, as required by law, in a particular type of case (McCormick, Evidence [2d ed], § 339).
*1028 The common-law standards of what is required to initially satisfy the burden of producing evidence (prima facie case), and then to persuade, regarding damage to persons injured in automobile accidents, has been modified by the Legislature through the enactment of the No-Fault Law (Montgomery v Daniels, 38 NY2d 41).
Subdivision 4 of section 671 of the Insurance Law (art XVIII — Comprehensive Automobile Insurance Reparations Act) sets forth an objective verbal definition of serious injury to “ ‘significantly reduce the number of automobile personal injury accident cases litigated in the courts, and thereby help contain the no-fault premium.’ ” (Licari v Elliott, 57 NY2d 230, 236, supra.)
That definition section in total states: “4. ‘Serious injury’ means a personal injury which results in death; dismemberment; significant disfigurement; a fracture; permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person’s usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment.”
In its construction of subdivision 4 of section 671, the Court of Appeals in Licari concluded (p 238): “Thus, we believe the Legislature intended that the court should decide the threshold question of whether the evidence would warrant a jury finding that the injury falls within the class of injuries that, under no-fault, should be excluded from judicial remedy. If it can be said, as a matter of law, that plaintiff suffered no serious injury within the meaning of subdivision 4 of section 671 of the Insurance Law, then plaintiff has no claim to assert and there is nothing for the jury to decide.”
Prior to reaching that conclusion, the Licari court stated (supra, p 237):
“While it is clear that the Legislature intended to allow plaintiffs to recover for noneconomic injuries in appropri *1029 ate cases, it had also intended that the court first determine whether or not a prima facie case of serious injury has been established which would permit a plaintiff to maintain a common-law cause of action in tort * * *
“Thus, to the extent that the Legislature has abrogated á cause of action, the issue is one for the court, in the first instance where it is properly raised, to determine whether the plaintiff has established a prima facie case of sustaining serious injury.”
Licari further states (p 237), “the purpose of the No-Fault Law is to assure prompt and full compensation for economic loss by curtailing costly and time-consuming court trials”. (See Insurance Law, § 673.) Therefore, it would seem logical that motions for a partial judgment or partial verdict in reliance upon subdivision 4 of section 671, should be encouraged, by either plaintiff or defendants, at any stage of a proceeding. That is, by any procedural application, which would take the case out of the jury’s hands and place it with the court’s. The first, would be a motion for summary judgment, relying on papers, under CPLR 3212 (before trial), the second and third relying upon evidence and testimony utilizing motions under CPLR 4401 (during trial), and under CPLR 4404 (after trial).
Nothing contained in the Comprehensive Automobile Insurance Law Reparations Act (Insurance Law, art XVIII), or in its alternative definitions of serious injury (§ 671, subd 4) nor in the Licari construction, would preclude its enforcement for the benefit or protection of both plaintiffs and defendants.
It seems logical under both subdivision 4 of section 671 and Licari, that once a personal injury plaintiff has satisfied the burden of producing evidence (prima facie case), and has proceeded further with evidence, which evidence has not been effectively rebutted, that such plaintiff is entitled to the direction of a verdict. (Fisch, NY Evidence [2d ed], § 1088, p 611.) Under those circumstances and considering the objectives of the No-Fault Law (Licari v Elliott, supra, p 237), the question of “serious injury” should no longer be considered by the jury, leaving remaining only an assessment of damage.
*1030 THE CASE RECONSIDERED
Turning now to the case before us, although subdivision 4 of section 671 sets forth eight specific subdefinitions which define serious injury, we are only concerned on this review with one of them, to wit: whether the plaintiff suffered a serious injury, which resulted in a medically determined injury or impairment of a nonpermanent nature, which endured for 90 days or more, and substantially, limited the performance of plaintiff’s daily activities.
Plaintiff’s major reliance is based on his medical evidence, and the concession and evidence that he was absent from work for a period of 96 days. Plaintiff maintains, that these factors as supported by all the evidence, qualified his injury as a matter of law. Such reliance is misplaced. Careful reading of Licari (57 NY2d 230, 236, supra) indicates that an injury falling within the statutory 90/180-day period of disability is only a necessary condition precedent to the application of the statute. “As to the statutory 90/180-day period of disability requirement, it should be considered a necessary condition to the application of the statute. Where the statute is specific, as it is here, that the period of disability must be Tor not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment’, the Legislature has made it abundantly clear that disability falling within this threshold period must be proved along with the other statutory requirements in order to establish a prima facie case of serious injury.” (Licari v Elliott, supra, p 236.)
Upon review of the trial record, and plaintiff’s contentions, the court’s initial determination has not changed, the “medically determined injury or impairment of a non-permanent nature” aspect and the limitation aspect “from performing substantially all of the material acts which constitute such person’s usual and customary daily activities” were not under the evidence, improper questions of fact for determination by the jury.
In Licari (supra, p 236), the Court of Appeals stated: “the words ‘substantially all’ should be construed to mean that the person has been curtailed from performing his usual activities to a great extent rather than some slight curtailment.” Any other result, with respect to this disability *1031 period, would subvert the intention of the Legislature by inducing plaintiffs to wait out the 90-day period of disability, thus undermining the effectiveness of the statute.
Plaintiff’s soft tissue injuries were the subject of controverted medical testimony. The court gave an adequate expert witness and credibility charge (see PJI 1:8, 1:21, 1:90), for the jury’s guidance. Moreover, there were sufficient questions raised by cross-examination as to the degree of plaintiff’s disability and activity curtailment (other than employment), so as to justify the jury’s determination, that even though plaintiff was absent from work for 96 days, that his injuries, disability and limitation were minor, mild or slight, and did not qualify under any one of the four categories charged under subdivision 4 of section 671. This court must conclude, that based upon the totality of the evidence that the jury could have concluded that there was an injury buildup and a disability stretch-out.
CONCLUSION
Plaintiff may request this review. Upon review, the court agrees that plaintiff’s contention is both logical and correct concerning the obligation of a court to implement the objectives of subdivision 4 of section 671, for the benefit of both personal injury plaintiff and defendants. That as a matter of law, when an injury doesn’t qualify as a “serious injury”, it should not be submitted to the jury (Licari v Elliott, supra), likewise when an injury is a “serious injury”, as a matter of law, it shouldn’t be submitted for jury determination. According to the Court of Appeals, the Legislature has turned this difficult responsibility of determining the extent of injury over to the courts. (Licari v Elliott, supra.)
Focusing upon plaintiff’s case — although this court might have reached a different determination, if it has been the trier of the facts, it doesn’t believe its charge, in the context of the evidence, concerning subdivision 4 of section 671 “serious injury” was erroneous (Singer v Crupi, 83 AD2d 962). Plaintiff’s proof when considered in the light of all the evidence wasn’t that conclusive, as to require the direction of a verdict.
Accordingly, this court finds that the trial record doesn’t contain a sufficient quantum of evidence to warrant the *1032 setting aside of a jury verdict, and the granting of plaintiff’s motion for a new trial. Such relief should be granted only when the verdict is not one which reasonable men could have rendered after reviewing conflicting evidence (Cohen v Hallmark Cards, 45 NY2d 493).