■ JEFFERY A. KAISER, Appellant, v GEORGE H. EDWARDS, Respondent. — Appeal from a judgment of the Supreme Court in favor of defendant, entered July 9, 1982 in Chemung County, upon a verdict rendered at Trial Term (Smyk, J.). Following a May 1, 1979 two-car collision, the cause of which was sharply disputed, the vehicle which plaintiff was operating left the highway and overturned, throwing plaintiff from the car and rendering him unconscious. As a result of the accident, he was hospitalized 13½ days, five of which were spent in intensive care. Throughout his hospital stay, his neck was in traction. X rays taken of the neck six days after the accident were negative. After his discharge, plaintiff underwent psysiotherapy treatment three times a week for approximately six months. He also took medication to relieve his pain throughout this period and continues to do so today. Two experts testified on plaintiff's behalf regarding his condition: a consulting neurosurgeon and a general practitioner. The latter, who opined that plaintiff had suffered a permanent injury, described as an acute neck pain, continued to attend plaintiff until 1981, seeing him approximately 12 times. Testimony establishing that plaintiff had sustained any permanent restriction in the motion of his neck was lacking. No medical witnesses were produced by defendant. Because of the accident, plaintiff, a college student, was unable to take final examinations scheduled for three weeks after the accident. There is little evidence as to the nature of his activities in June, July and August of 1979. In September, he resumed his schooling and met his preaccident anticipated graduation date by taking a double course load. Although he testified that bending over a desk while studying caused him severe pain during this period, his attending physician specifically stated that this particular type of activity would not produce a recurrence of the neck pain. After graduation, he worked as a painter and currently is in the underwriting department of an insurance company, allegedly still experiencing neck pain. In response to written questions furnished by the trial court, the jury unanimously concluded that plaintiff had failed to establish that (1) he had suffered a serious injury which

resulted either in a permanent consequential limitation of use of a body organ or member, or (2) a medically determined injury or impairment which prevented him from performing substantially all of his usual and customary daily activities for not less than 90 days during the first 180 days following the accident (see Insurance Law, § 671, subd 4). The clerk was thereupon directed to enter a verdict of no cause of action and this appeal followed. Since a jury's verdict in favor of a defendant is not to be set aside unless it plainly appears that the evidence so preponderates in plaintiff's favor that the verdict for defendant could not have been reached on any fair interpretation of the evidence (*Busby v Malone,* 54 AD2d 572), an affirmance in this case is required. Although pain can form the basis of a serious injury within the meaning of the No-Fault Law (Insurance Law, art 18), whether it does is a question of fact for the jury (*Slack v Crossetta,* 75 AD2d 809). All plaintiff established is a mild or minor limitation of use of his neck and a slight curtailment in the performance of his usual activities, and this is insufficient to render an injury serious within the meaning of the No-Fault Law (*Licari v Elliott,* 57 NY2d 230, 236). The evidence leads us to conclude that the jury could reasonably have determined that plaintiff's injuries were indeed insignificant when measured against the statute's definition of what constitutes a serious injury. Judgment affirmed, without costs. Sweeney, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.