■ KATE ASHKINAZY et al., Plaintiffs, v CITY OF NEW YORK, Defendant and Third-Party Plaintiff. CONSOLIDATED EDISON CO. OF NEW YORK, INC., Third-Party Defendant and Fourth-Party Plaintiff; SJJ EQUIPMENT CORP., Fourth-Party Defendant-Appellant, and INTERBORO ASPHALT PAVING CO., INC., Now Known as IAP LIQUIDATING CORP., Fourth-Party Defendant-Respondent. — In a personal injury action, fourth-party defendant SJJ Equipment Corp. appeals from a judgment of the Supreme Court, Kings County (Bernstein, J.), entered May 5, 1983, upon a jury verdict, which found said fourth-party defendant to be 100% liable and fourth-party codefendant Interboro Asphalt Paving Co. to be 0% liable for plaintiffs' injuries. Judgment affirmed, with costs. Plaintiffs commenced this action against the City of New York to, *inter alia,* recover for personal injuries sustained when plaintiff Kate Ashkinazy fell into a hole in the roadway. The City of New York impleaded Consolidated Edison Company, which had obtained a permit to excavate in the intersection where the injured plaintiff fell. Consolidated Edison impleaded SJJ Equipment Corp., with whom it had contracted to excavate, backfill and temporarily pave the site, and Interboro Asphalt Paving Co., with whom it had contracted to permanently pave the site. At trial, by stipulation among all the parties, plaintiffs' right to recovery was conceded and a settlement of $30,000 was accepted. The City of New York admitted liability to plaintiffs in that amount, and Consolidated Edison conceded liability to the city in that amount. It was further stipulated that either or both fourth-party defendants were negligent, and that if both were found to have been negligent, damages would be apportioned according to fault. Thus, the sole issue remaining for the jury was which fourth-party defendant was negligent, and if both were found to be negligent, the proportion in which each party's negligence contributed to plaintiffs' injuries. The jury found SJJ Equipment Corp. to be 100% negligent. There was ample evidence to support this finding. The jury apparently credited the testimony that SJJ had failed to temporarily pave the site as was required pursuant to the contract with Consolidated Edison. Moreover, in finding Interboro to be 0% negligent, the jury apparently determined that, as a matter of fact, the weather conditions excused Interboro's delay in commencing the permanent paving of the site, a delay contemplated in its contract with Consolidated Edison. The jury's verdict was based on a reasonable interpretation of the evidence, and we will not interfere with its determination (see, e.g., *Redmond v City of New York,* 81 AD2d 908; *Busby v Malone,* 54 AD2d 572; *Triggs v Advance Trucking Corp.,* 23 AD2d 777). The decision of the Court of Appeals in *Sobel v City of New York* (9 NY2d 187) does not compel a finding that SJJ was not negligent as a matter of law, since there is ample evidence at bar to support a determination that SJJ did not satisfactorily perform the terms of its contract with Consolidated

Edison. We have examined SJJ's remaining contentions and find them to be without merit. Lazer, J. P., Mangano, Niehoff and Boyers, JJ., concur.