ANDREA SPANO et al., Appellants, v BALDO BERTOCCI, Defendant, and ESTHER BALDINGER, Respondent. [803 NYS2d 702]—

In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiffs appeal, as limited by their brief, from so much of an amended judgment of the Supreme Court, Kings County (Dabiri, J.), dated September 24, 2003, as, upon a jury verdict, dismissed the causes of action alleging medical malpractice insofar as asserted against the defendant Esther Baldinger.

Ordered that the amended judgment is reversed insofar as appealed from, on the law, the causes of action alleging medical malpractice insofar as asserted against the defendant Esther Baldinger are reinstated, and the matter is remitted to the Supreme Court, Kings County, for a new trial on those causes of action, with costs to abide the event.

The plaintiff Andrea Spano (hereinafter the plaintiff mother) suffers from epilepsy. Prior to and during her pregnancy with her son, the plaintiff Andrew Spano (hereinafter the infant plaintiff), she was taking the medication Depakote to control her seizures, at the direction of her neurologist, the defendant Esther Baldinger. After the infant plaintiff was born with various medical conditions, including spina bifida, the plaintiffs commenced this action, inter alia, to recover damages for medical malpractice. Insofar as is relevant to this appeal, the plaintiffs alleged that Baldinger departed from good and accepted medical practice because Depakote was known to increase the risk of birth defects. After trial, the jury found in favor of Baldinger and against the plaintiffs on the causes of action alleging medical malpractice. On appeal, the plaintiffs argue that the Supreme Court committed reversible error in discharging a juror and replacing her with an alternate after deliberations had commenced. We agree.

After deliberations had commenced, the Supreme Court received a note from juror number three indicating that juror number one, despite the court's instructions to the contrary, had reached an opinion concerning the case and had discussed it with other jurors before all of the evidence was presented and before being directed to commence deliberations. At the suggestion of counsel, the court queried each juror individually on this issue. During the inquiry, juror number two volunteered that there were problems with an unidentified juror, stating, "there's been cursing; I mean table banging, you know. And it's made a lot of people afraid to say their opinion, even myself." The court did not pursue a line of questioning on this issue, but directed the inquiry back to whether juror number one had expressed an opinion about the case prior to deliberations. Also during the inquiry, juror number one volunteered that juror number three (her accuser) "cannot behave herself" and that she did not "let you speak up; she bang [sic] the desk." Again, the court did not pursue a line of questioning on this issue, but stated, "there's bound to be disagreements in the jury room. So that's sort of natural; it's expected. What I'm concerned about is whether or not any of the jurors [discussed the case] before you went into the jury room before I gave you the case." The court eventually discharged jurors one and three.

The plaintiffs consented to the discharge of juror number one for failing to obey the court's instructions, but did not consent to the discharge of juror number three. The plaintiffs argued that, relevant to the inquiry at issue into the conduct of juror number one, juror number three had done nothing more than "what she was told to do, which is to report something," and had otherwise done "nothing to be removed" from the jury.

On the record presented, the Supreme Court committed reversible error in discharging juror number three without the consent of the plaintiffs. Thus, a new trial is warranted on the plaintiffs' causes of action alleging medical malpractice as against Baldinger.

In light of our determination, the plaintiffs' remaining contentions need not be reached. S. Miller, J.P., Ritter, Rivera and Skelos, JJ., concur.