Garcia v Rosario (2021 NY Slip Op 01555)





Garcia v Rosario


2021 NY Slip Op 01555


Decided on March 18, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 18, 2021

Before: Acosta, P.J., Gische, Webber, González, JJ. 


Index No. 308737/12 Appeal No. 13384 Case No. 2020-03176 

[*1]Jose Rafael Garcia, Plaintiff-Appellant,
v
Jose Cristino Rosario et al., Defendants-Respondents.


William Schwitzer & Associates, P.C., New York (Howard R. Cohen of counsel), for appellant.
Pillinger, Miller Tarallo LLP, Elmsford (Patrice M. Coleman of counsel), for Jose Cristino Rosario and Rental Car Finance Corp., respondents.
The Offices of Tobias & Kuhn, New York (Jonathan D. Gorham of counsel), for Surujdeen Rampersau and Gilbert International Commercial Maintenance Inc., respondents.



Judgment, Supreme Court, Bronx County (Julia Rodriguez, J.), entered February 5, 2020, upon a jury trial that allocated 50% of the fault to defendants Rental Car Finance Corp. and Jose Cristino Rosario and 50% to defendants Gilbert International Commercial Maintenance, Inc. and Surujdeen Rampersau, awarding plaintiff the principal amount of $500,000 for past pain and suffering, $0 for future pain and suffering and $0 future medical costs, unanimously reversed, on the law, without costs, the judgment vacated, and the matter remanded for a new trial.
It is fundamental error to deny a party's request to poll the jury (see Duffy v Vogel, 12 NY3d 169 [2009]; Matter of National Equip. Corp. v Ruiz, 19 AD3d 5, 13 [1st Dept 2005]; Muth v J & T Metal Prods. Co., 74 AD2d 898 [2d Dept 1980], lv dismissed 51 NY2d 703 [1980]). Defendants' argument that the issue was not preserved for appeal is unavailing, as plaintiff's counsel clearly requested that the jury be fully polled, to which the trial court responded that it would limit the poll to the single question where the foreperson's initial reading was inaccurate. Furthermore, plaintiff clearly appealed from the judgment and the subsequent language concerning the purported inadequacy of the award was not a limitation, particularly in light of the contents of the statement pursuant to 22 NYCRR 1250.3(a) accompanying the notice of appeal.
It was also reversable error for the court to discharge the jury foreman, who was alleged to have been in a verbal altercations with another juror during deliberations, without interviewing the jury foreman and the other involved juror or jurors to determine the nature and extent of the disagreement (see Garbie v Ahmad, 168 AD3d 687, 688 [2d Dept 2019]). That jurors have heated exchanges, does not, without more, form a valid basis for substitution of a juror without the consent of the parties (see Spano v Bertocci, 22 AD3d 828, 829 [2d Dept 2005]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 18, 2021